UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE ESCOTO CASTANEDA,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 1:13-cv-974 BAM<br><br>**ORDER REVERSING AGENCY'S DENIAL OF BENEFITS AND ORDERING REMAND** |

## INTRODUCTION

Plaintiff Michelle Castaneda ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to Titles II and XVI of the Social Security Act, respectively.[1]  Pursuant to 28 U.S.C. § 636(c), the parties consented to conduct all further proceedings in this case before the Honorable Barbara A. McAuliffe, United States Magistrate Judge. (Docs. 7, 8.) The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe.  Having carefully considered the

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

1

parties' briefs as well as the entire record in this case, the Court finds that the Administrative Law Judge ("ALJ") erred in evaluating Plaintiff's credibility. Accordingly, the ALJ's decision is REVERSED and the case REMANDED for further proceedings consistent with this Order.

## FACTS AND PRIOR PROCEEDINGS

On May 9, 2010, Plaintiff filed her disability applications. AR 10.[2] Plaintiff's applications were denied initially and on reconsideration. AR 81, 88, 174, 206. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Sanya Hill-Maxion held a hearing on March 12, 2012 and issued an order denying benefits on April 6, 2012. AR 10-24. On June 3, 2013, the Appeals Council denied review. AR 1. This appeal followed.

### Hearing Testimony

At the hearing, Plaintiff, represented by Gina Fazio, testified that she completed two years of college, receiving specialized job training in phlebotomy and nursing; she is a licensed phlebotomist and legal blood alcohol level specialist. AR 252, 291. Plaintiff testified that, prior to becoming disabled, she had always worked more than one job. AR 43. While working full time as an emergency room ward clerk/technician and in a rehabilitation department, she also had part-time jobs for the District Attorney drawing blood for DUIs and drug felonies, at the county jail drawing blood and preparing inmates for physical examinations, and for a temp agency doing home care as a restorative aid. AR 43.

When asked about her daily activities, Plaintiff stated she prepared microwave breakfasts for her children and then drove them to school. AR 50-51. Plaintiff testified that she could make beds and do laundry but because she experiences constant pain she is unable to sweep or mop. AR 52. She also no longer went grocery shopping because of her pain. AR 52. She slept for about a half-hour during the day and additionally needed to lie down to rest between household tasks, three times a day for about a half-hour at a time. AR 53.

When asked about her limitations, Plaintiff testified that she could walk about a block-and-a-half before having to stop; stand for no more than 30 minutes; lift one gallon of milk but not two; and

---

[2]   References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

she could sit for 30 to 40 minutes if she leaned forward. AR 51-52. When sitting, she was in a recliner; she watched television news and read a lot; and she went to church twice a week where they had a special recliner for her to sit in. AR 54. She used a cane every day, beginning in 2009, and she was in a wheelchair for four months in 2010 because she had woken up one morning and could not move. AR 55. Both the cane and the wheelchair were given to her by her friends in rehabilitation. AR 54-55.

Plaintiff complained that she had constant pain on both sides of her neck and her lower left back side, which was worsened by exercise and walking. AR 57. Plaintiff said she had never had taken proper medications because she did not have medical insurance—one of the medications prescribed for her cost a hundred dollars a bottle. AR 57.

When asked by the ALJ whether she had sought mental health treatment during the last three to four years, Plaintiff responded in the negative. AR 58.

**Vocational Expert's Testimony**

Thereafter, the ALJ elicited testimony of the vocational expert Joel Greenberg. The ALJ presented a hypothetical question contemplating an individual limited to light work; who was unable to engage in grasping or gripping; could not push or pull; had unrestricted ability to perform fine and gross manipulation bilaterally; needed to avoid ladders, ropes, and scaffolds and dangerous machinery requiring depth perception; needed to use wrist supports at work; if keyboarding needed proper equipment; needed to avoid concentrated exposure to fumes; and needed to wear shoes with closed toes. AR 59. The hypothetical question also involved someone who was able to understand and remember 1-2 step tasks; was able to maintain concentration, persistence, and pace for 2-hour increments; could interact appropriately with supervisors, coworkers, and the public; and could adapt to routine workplace changes, and hazards. AR 60.

VE Joel Greenberg testified at the hearing, by reference to the Dictionary of Occupational Titles (DOT), that the hypothetical individual could not perform Plaintiff's past relevant work. AR 60. The VE then testified however that there were jobs that existed in the national economy that a hypothetical individual could perform, including: (1) assembler of small products and (2) laundry sorter. AR 61.

**Relevant Medical Evidence**

The entire medical record was reviewed by the Court. The Court will reference the medical evidence to the extent it is necessary to the Court's decision.

### THE ALJ'S DECISION

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 10-20. More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since February 20, 2009. AR 10. The ALJ identified lateral epicondylitis of the left elbow joint, hypertension, neck pain (with mild degenerative spondylosis, degenerative disc diseases of the lumbar spine (mild); diabetes Type 2; decreased uncorrected visual acuity, depression, anxiety, and obesity as severe impairments. AR 12. Nonetheless, the ALJ determined that the severity of the Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 12.

Based on her review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work, i.e., she could lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for six hours in an eight-hour day; sit for six hours in an eight-hour day; occasionally bend, stoop, crawl, and climb stairs and ramps; never engage in repetitive forceful grasping, gripping, pushing and pulling; frequently kneel; frequently engage in bilateral fingering; never climb ladders, ropes or scaffolds, never use dangerous machinery requiring depth perception or work at unprotected heights; and should avoid concentrated exposure to extreme cold or heat. AR 15-16. The ALJ further found that Plaintiff must use wrist supports if working at a keyboard; would need proper ergonomic equipment; and should use enclosed shoe apparel to avoid injuries to her feet AR 15-16.

The ALJ further found that, mentally, Plaintiff could understand, remember and carry out only short, simple repetitive tasks, with no other restrictions. AR 16. 20 C.F.R. § 404.1520(a)(4)(iv). The ALJ subsequently found that Plaintiff was unable to perform her past relevant work. AR 16. Although the ALJ determined that Plaintiff could no longer perform her past work, she concluded that Plaintiff was not disabled because she could perform unskilled light-level jobs that existed in significant numbers in the national economy. AR 19-20.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commission must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## DISABILITY STANDARD

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

Here, Plaintiff challenges the ALJ's disability finding in two respects. First, Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting her subjective symptom testimony. Second, the ALJ erred in weighing the medical evidence in the record. (Doc. 14 at 13).

# DISCUSSION[3]

### A.   The ALJ's Credibility Determination is Flawed

At the hearing and in her application for benefits, Plaintiff testified that severe pain from her impairments including carpal tunnel syndrome, back pain, diabetes, and obesity, preclude her from working.  In one cursory sentence, the ALJ rejected this subjective symptom testimony as not credible, which Plaintiff contends was in error.  Plaintiff asserts that the ALJ's rejection of her subjective symptom testimony by referring only to standard, boilerplate language fails to properly evaluate her credibility and assess her subjective complaints.  The Court agrees.

Here, the ALJ rejected Plaintiff's testimony by stating the following:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above-residual functional capacity assessment.

AR 16.

When an ALJ finds that a claimant's medically determinable impairments reasonably could be expected to cause the symptoms alleged, the ALJ may not discount the claimant's testimony regarding the severity of the symptoms without making "specific, cogent" findings, supported in the record, to justify discounting such testimony. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *see also Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990); *Varney v. Secretary*, 846 F.2d 581, 584 (9th Cir. 1988).[4]  Generalized, conclusory findings do not suffice. *See Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); *Holohan v. Massanari*,

---

[3]   The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

[4]   In the absence of a finding of "malingering," or at least evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. *See, e.g., Ghanim v. Colvin*, 2014 U.S. App. LEXIS 15867, 2014 WL 4056530, at *7 n.9 (9th Cir. Aug. 18, 2014); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); *Taylor v. Comm'r of SSA*, 659 F.3d 1228, 1234 (9th Cir. 2011); *Valentine v. Comm'r SSA*, 574 F.3d 685, 693 (9th Cir. 2009); *Ballard v. Apfel*, 2000 U.S. Dist. LEXIS 23203, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings are insufficient under either standard, so the distinction between the two standards (if any) is academic.

246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); *see also* Social Security Ruling 96-7p, 1996 SSR LEXIS 4.

The Commissioner argues that the ALJ's opinion contains more than mere boilerplate language supporting the ALJ's credibility determination. Directing the Court to the ALJ's analysis of Family Nurse Practitioner Angela Luraly's opinion, the Commissioner argues that the ALJ observed that "Nurse Luraly treated the claimant's diabetes and hypertension in July 2011, with medication and recommended increased exercise, but the claimant stated that exercise was too painful." AR 17. According to the Commissioner, the ALJ was entitled to reject Plaintiff's credibility based on Plaintiff's failure to follow a prescribed treatment. (Doc. 17 at 7). The Commissioner also argues that the ALJ observed that Plaintiff's impairments were well-controlled with medication. Again, the Commissioner argues that ALJ was entitled to reasonably conclude that Plaintiff's improvement discredited her subjective complaints. *See Morgan v. Apfel*, 169 F.3d 595, 599 (9th Cir. 1999) (ALJ properly discredited the claimant's subjective complaints by citing physician's report that mental symptoms improved with medication).

The Commissioner's arguments are misguided. The references to the ALJ's opinion cited by the Commissioner do not contain a single reference to Plaintiff's credibility. In fact, the ALJ made no reference to Plaintiff's credibility other than the ALJ's statement of the boilerplate legal standard to be applied when evaluating a claimant's credibility. Certainly, there are facts included in the record which the ALJ could have utilized in supporting her credibility determination, but the ALJ did not make the necessary connections. *See Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009)(where an ALJ failed to analyze the factors set forth in SSR 96-7p, 1996 SSR LEXIS 4, the ALJ did not build a logical bridge between the evidence and his conclusion that the claimant's testimony was not credible).

Having carefully reviewed the record, the ALJ here failed not only to provide clear and convincing reasons for rejecting Plaintiff's credibility, but also the ALJ failed to provide any reasons

1 whatsoever. Despite acknowledging that the ALJ "must follow a two-step process" in which the ALJ "must make a finding on the credibility of [Plaintiff's] statements based on a consideration of the entire case record," the ALJ included no such finding in her decision. S*ee* SSR 96-7p, 1996 SSR LEXIS 4, 1996 WL 374186, at *2 ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.' It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.").

While the ALJ is not obligated to discuss every credibility factor, the ALJ must discuss some specific and legitimate credibility findings and weigh them against Plaintiff's subjective symptom testimony. If the ALJ then chooses to reject Plaintiff's subjective testimony, the ALJ is required to give an explanation for her rejection. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ required to explain why "significant probative evidence has been rejected"). Therefore, the ALJ's determination that Plaintiff's testimony was not credible without sufficient analysis constitutes error and remand is required.

**B.     Plaintiff's Remaining Arguments**

Having found remand necessary on the basis of the ALJ's credibility determination, this Court finds no compelling reason to address Plaintiff's remaining arguments in detail. On remand, the ALJ shall carefully assess Plaintiff's credibility, including the third party statement of Plaintiff's sister, Sylvia Cabrera.

**C.     Remand is Required**

This Court has considered Plaintiff's request that this Court award benefits rather than remand the case for additional proceedings but finds remand more appropriate here. The circumstances of the case suggest that further administrative review could remedy the ALJ's errors claimed here, and therefore, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *see Connett v.*

*Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)(remand is an option where the ALJ fails to state sufficient reasons for rejecting a claimant's excess symptom testimony); *see also Garrison v. Colvin*, 2014 U.S. App. LEXIS 13315, 2014 WL 3397218, at *21 (9th Cir. July 14, 2014) (court may "remand for further proceedings, even though all conditions of the credit-as-true rule are satisfied, [when] an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled"); *Vasquez v. Astrue*, 572 F.3d 586, 600-01 (9th Cir. 2009) (agreeing that a court need not "credit as true" improperly rejected claimant testimony where there are outstanding issues that must be resolved before a proper disability determination can be made); *see generally INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 154 L. Ed. 2d 272 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's adverse credibility finding warrants remand. Accordingly, the decision is **REVERSED** and the case **REMANDED** to the ALJ for further proceedings. On remand to the Social Security Administration, the ALJ should reconsider Plaintiff's credibility and explain her reasons for determining the extent to which Plaintiff was credible and the effect of this determination on Plaintiff's claim for benefits. The ALJ shall then proceed through steps four and five to determine what work, if any, Plaintiff is or was capable of performing and for what period of time. If deemed necessary, the Commissioner may hold a further hearing and receive additional evidence to address any additional issues.

The Clerk of the Court is **DIRECTED** to enter judgment in favor of Plaintiff Michelle Castaneda, and against Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: __October 1, 2014__     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE